NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50159 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02666-JAH-1 |
| v. | |
| COLEMAN LOUIS PAYNE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Coleman Louis Payne appeals from the district court's order amending two conditions of supervised release following remand from this court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In Payne's previous appeal, this court affirmed Payne's sentence and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

remanded to the district court to clarify one of the special conditions of supervised release and strike a standard condition of supervised release. *See United States v. Payne*, 739 F. App'x 468 (9th Cir. 2018). On remand, the district court complied with this court's instructions regarding the supervised release conditions but concluded that it did not have jurisdiction to consider Payne's argument that his post-sentencing rehabilitation warranted a lower sentence.

Payne argues that, because the evidence of his post-sentencing rehabilitation was new, this court's mandate did not prohibit the district court from considering it. Payne's argument ignores the clear language of our prior disposition, which affirmed the 80-month sentence and authorized the district court on remand only to amend the two supervised release conditions. The district court correctly concluded that the rule of mandate barred its consideration of any other issues. *See United States v. Thrasher*, 483 F.3d 977, 983 (9th Cir. 2007) (because the "plain language of the disposition" showed that the remand was for "a single purpose," the district court correctly concluded that the rule of mandate barred its consideration of other arguments).

Moreover, as the district court indicated, even if it had the opportunity to resentence Payne, the new evidence of Payne's post-sentencing rehabilitation would not have affected its decision to impose the 80-month sentence.

**AFFIRMED.**

19-50159